**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JEROME HENDRICKS,

                Plaintiff,

vs.                                        Case No.  3:12-cv-934-J-JRK

CAROLYN W. COLVIN,[1]
Acting Commissioner of Social Security,

                Defendant.

_____/

## OPINION AND ORDER[2]

### I. Status

Jerome Hendricks ("Plaintiff") is appealing the Commissioner of the Social Security

Administration's final decision denying his claim for disability insurance benefits ("DIB").  His

alleged inability to work is due to "heart problems, cardiac d[e]fibrillator issues and high blood

pressure problems."  Transcript of Administrative Proceedings (Doc. No. 9; "Tr."), filed

October 26, 2012, at 42.  On November 20, 2008, Plaintiff filed an application for DIB,

alleging an onset disability date of September 19, 2008. Tr. at 111-12.  Plaintiff subsequently

amended his alleged onset date to September 1, 2009.  Tr. at 29.  Plaintiff's claim was

denied initially, Tr. at 43-44, and was denied upon reconsideration, Tr. at 52-53.  On

---

[1]      Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013.  Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed October 29, 2012; Reference Order (Doc. No. 12), signed October 30, 2012 and entered October 31, 2012.

November 30, 2010, a hearing was held before an Administrative Law Judge ("ALJ"), during which Plaintiff and a vocational expert ("VE") testified.  Tr. at 25-39.  At the time of the hearing, Plaintiff was fifty-three (53) years old.  Tr. at 111 (indicating Plaintiff's date of birth).  The ALJ issued an unfavorable decision on December 14, 2010, finding Plaintiff not disabled through the date of the decision.  Tr. at 12-20.  On July 3, 2012, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner.  On August 17, 2012, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two (2) issues on appeal: 1) whether Plaintiff meets Listing 4.02[3] dealing with chronic heart failure; and 2) whether the ALJ erred by finding Plaintiff's testimony largely incredible.  Memorandum in Support of Complaint (Doc. No. 14; "Pl.'s Mem."), filed November 29, 2012, at 6-10.  Within the second issue, Plaintiff states that "some opinion testimony from a cardiac specialist should be obtained."  Id. at 10.  On February 26, 2013, Defendant filed a memorandum addressing the issues raised by Plaintiff.  See Memorandum in Support of the Commissioner's Decision (Doc. No. 17; "Def.'s Mem.").  After a thorough review of the entire record and consideration of the parties' respective memoranda, the Commissioner's final decision is due to be affirmed for the reasons explained herein.

---

[3]      In the heading of Plaintiff's first issue, Plaintiff cites to Listing 4.08. Pl.'s Mem. at 6. The body of Plaintiff's argument, however, refers to Listing 4.02. Id. at 7-8.

## **II. The ALJ's Decision**

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 14-19. At step one, the ALJ observed that Plaintiff "has not engaged in substantial gainful activity since September 1, 2009, the [amended] alleged onset date." Tr. at 14 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff suffers from "the following severe impairments: nonischemic cardiomyopathy status post placement of automatic implantable cardioverter-defibrillator; and chronic obstructive pulmonary disease." Tr. at 14 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 15 (emphasis and citation

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

omitted).  The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"): Plaintiff can "perform light work . . . except he must work in a mildly clean environment, with no extreme dust or fumes."  Tr. at 15 (emphasis omitted).

At step four, the ALJ found Plaintiff "is unable to perform any past relevant work" as a "truck driver."  Tr. at 18 (emphasis and citation omitted from first quotation).  At step five, after "considering [Plaintiff's] age, education, work experience, and [RFC]," the ALJ determined that Plaintiff "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy" that Plaintiff can perform, Tr. at 19 (emphasis and citation omitted), such as "a "private domestic chauffer" and an "electrical accessory assembler," Tr. at 19.  The ALJ concluded that Plaintiff "has not been under a disability . . . from September 1, 2009, through the date of th[e D]ecision."  Tr. at 384 (emphasis and citation omitted).

### III.  Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).  Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)).  "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)).  The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting

-4-

Richardson v. Perales, 402 U.S. 389, 401 (1971)).  It is not for this Court to reweigh the

evidence; rather, the entire record is reviewed to determine whether "the decision reached

is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143,

1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v.

Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th

Cir. 1987).  The decision reached by the Commissioner must be affirmed if it is supported

by substantial evidence–even if the evidence preponderates against the Commissioner's

findings.  Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per

curiam).

## IV.  Discussion

As noted above, Plaintiff raises two (2) issues.  Each is addressed in turn.

### A.        Listing 4.02[5]

---

[5]        Listing 4.02 states as follows:

4.02 Chronic heart failure while on a regimen of prescribed treatment, with symptoms and signs
described in 4.00D2. The required level of severity for this impairment is met when the requirements
in both A and B are satisfied.

   A. Medically documented presence of one of the following:

        1. Systolic failure (see 4.00D1a(i)), with left ventricular end diastolic dimensions
        greater than 6.0 cm or ejection fraction of 30 percent or less during a period of
        stability (not during an episode of acute heart failure); or

        2. Diastolic failure (see 4.00D1a(ii)), with left ventricular posterior wall plus septal
        thickness totaling 2.5 cm or greater on imaging, with an enlarged left atrium greater
        than or equal to 4.5 cm, with normal or elevated ejection fraction during a period of
        stability (not during an episode of acute heart failure);

   AND

   B. Resulting in one of the following:

(continued...)

Plaintiff contends that he meets the criteria outlined in Listing 4.02. Pl.'s Mem. at 6-9.

Plaintiff focuses on testing showing his "ejection fraction" and a note reflecting that "Plaintiff

had a New York Heart Association classification of II to III." Id. at 7-8.

At step three of the sequential evaluation process, the burden rests on the claimant

to prove the existence of a listing level impairment. Carnes v. Sullivan, 936 F.2d 1215, 1218

(11th Cir. 1991).  Mere diagnosis of a listed impairment is not sufficient. See, e.g., id.; see

also Wilson v. Barnhart, 284 F.3d 1219, 1224 (11th Cir. 2002).  "To meet a Listing, a

claimant must have a diagnosis included in the Listings and must provide medical reports

---

[5](...continued)
    1. Persistent symptoms of heart failure which very seriously limit the ability to
    independently initiate, sustain, or complete activities of daily living in an individual for
    whom an MC, preferably one experienced in the care of patients with cardiovascular
    disease, has concluded that the performance of an exercise test would present a
    significant risk to the individual; or

    2. Three or more separate episodes of acute congestive heart failure within a
    consecutive 12–month period (see 4.00A3e), with evidence of fluid retention (see
    4.00D2b(ii)) from clinical and imaging assessments at the time of the episodes,
    requiring acute extended physician intervention such as hospitalization or emergency
    room treatment for 12 hours or more, separated by periods of stabilization (see
    4.00D4c); or

    3. Inability to perform on an exercise tolerance test at a workload equivalent to 5
    METs or less due to:

        a. Dyspnea, fatigue, palpitations, or chest discomfort; or

        b. Three or more consecutive premature ventricular contractions (ventricular
        tachycardia), or increasing frequency of ventricular ectopy with at least 6
        premature ventricular contractions per minute; or

        c. Decrease of 10 mm Hg or more in systolic pressure below the baseline
        systolic blood pressure or the preceding systolic pressure measured during
        exercise (see 4.00D4d) due to left ventricular dysfunction, despite an
        increase in workload; or

        d. Signs attributable to inadequate cerebral perfusion, such as ataxic gait or
        mental confusion.

20 C.F.R. Pt. 404, Subpt. P, App. 1.

documenting that the conditions meet the specific criteria of the Listings and the duration requirement." Wilson, 284 F.3d at 1224 (internal quotations and citations omitted). "To equal a Listing, the medical findings must be at least equal in severity and duration to the listed findings." Id. (internal quotations and citations omitted).

The ALJ's Decision contains a detailed summary of the medical evidence, the medical opinions, and Plaintiff's testimony. Tr. at 14-18. The ALJ even found that Plaintiff's nonischemic cardiomyopathy is a severe impairment. Tr. at 14. The ALJ explicitly indicated that he "considered [Plaintiff's] nonischemic cardiomyopathy under [Listing] 4.08 (cardiomyopathies), and chronic obstructive pulmonary disease under [Listing] 3.02 (Chronic Pulmonary Insufficiency)." Tr. at 15 (emphasis omitted). The ALJ found, "however, [that] the evidence does not support that [Plaintiff's] impairments meets or medically equals the criteria [of those Listings], or any other section in the Listing of Impairments." Tr. at 15. After reviewing the record, the undersigned concludes that the ALJ's finding with respect to the Listings is supported by substantial evidence.

Additionally, the undersigned notes that the language quoted in Plaintiff's Memorandum that he attributes to Listing 4.02 is not complete, is not accurate, and is the only legal authority upon which Plaintiff relies. In support of his argument, Plaintiff selected favorable evidence from the record in an attempt to show that he meets the Listing. The ALJ, however, reviewed the entirety of the record before making his findings. As noted above, the ALJ's Decision is supported by substantial evidence. No error can be found in this regard.

### B.      Plaintiff's Credibility / Additional Opinion Evidence

First, the undersigned addresses Plaintiff's arguments challenging the ALJ's

credibility finding.  Second, Plaintiff's statement regarding the need for additional opinion

evidence is discussed.

#### 1.      Plaintiff's Credibility

Plaintiff's second issue seems to focus on the ALJ's discrediting of Plaintiff's

testimony.[6]  Pl.'s Mem. at 9-10.  Specifically, Plaintiff references the ALJ's findings with

respect to Plaintiff's smoking habit and his testimony relating to his fatigue.  Id.

"[T]o establish a disability based on testimony of pain and other symptoms, the

claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying

medical condition; and (2) either (a) objective medical evidence confirming the severity of

the alleged pain; or (b) that the objectively determined medical condition can reasonably be

expected to give rise to the claimed pain."  Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th

Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)).  "The claimant's

subjective testimony supported by medical evidence that satisfies the standard is itself

sufficient to support a finding of disability."  Holt, 921 F.3d at 1223.  Although "credibility

determinations are the province of the ALJ," Moore v. Barnhart, 405 F.3d 1208, 1212 (11th

Cir. 2005), "explicit and adequate reasons" must be articulated if the ALJ discredits the

claimant's testimony,  Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury

v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (stating that "after considering a claimant's

---

[6]      To the extent Plaintiff reiterates arguments he made in the first issue, those arguments
are not re-addressed here.

complaints of pain [or other subjective symptoms], the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence").

"[C]redibility determinations are the province of the ALJ." Moore, 405 F.3d at 1212. The ALJ "must articulate explicit and adequate reasons" for finding a claimant "not credible." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002).  "When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)).  After considering the claimant's subjective complaints, "the ALJ may reject them as not creditable, and that determination will be reviewed for substantial evidence." Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992) (citing Wilson v. Heckler, 734 F.2d 513, 517 (11th Cir. 1984)).

The ALJ summarized Plaintiff's testimony before finding that his "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [according to the ALJ, Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the" the ALJ's RFC determination. Tr. at 16 (emphasis omitted).  The ALJ then detailed his reasons for finding Plaintiff's testimony not entirely credible.  In sum, those reasons are as follows: 1) Plaintiff could perform without difficulty his activities of daily living, including walking, fishing, reading, and attending church, Tr. at 16 (citing Tr. at 267); Tr. at 18; 2) the

treatment notes of Daniel S. Yip, M.D. reflect that Plaintiff continually did well from a heart standpoint and that Plaintiff had been advised repeatedly to quit smoking, Tr. at 16-17 (citing 281-83, 290, 293, 299); 3) "[a]lthough [Plaintiff] was disqualified as a driver by his employers' DOT physician[, Plaintiff's] manager tried to gather information to help plead his case to keep him employed as a driver," Tr. at 17 (citing Tr. at 285); 4) Plaintiff failed to "keep a number of medical appointments . . . and failed to follow treatment recommendations, specifically, to stop smoking . . . [both of which] suggest[] that the symptoms may not have been as serious as claimed," Tr. at 17 (citing Tr. at 276-306, 335-58); and 5) Plaintiff "testified that he is unable to lift more than ten pounds; however, . . . [he also] reported he is able to lift and carry 40 to 50 pounds," Tr. at 17 (citing Tr. at 159).

Upon review of the record and consideration of the ALJ's decision with respect to Plaintiff's credibility, the undersigned finds that the ALJ articulated "explicit and adequate reasons" for discrediting Plaintiff's testimony. Wilson, 284 F.3d at 1225. Those reasons are supported by substantial evidence. As with the first issue, no error is found here.

### 2.    Additional Opinion Evidence

As noted above, Plaintiff makes passing reference to needing additional medical opinion evidence. Pl.'s Mem. at 10. In referencing the need for additional medical opinion evidence, Plaintiff does not describe why such additional evidence is necessary, and he does not provide any legal authority supporting the request.[7] Nevertheless, the undersigned thoroughly reviewed the entire record and finds that "the record contains sufficient evidence

---

[7]      Plaintiff was advised in this Court's Scheduling Order (Doc. No. 11) entered October 29, 2012 that any challenge to the administrative decision that is not "supported by citation to the record of the pertinent facts and by citations of the governing legal standards . . . is subject to being disregarded for insufficient development."

for the [ALJ] to make an informed decision," <u>Ingram v. Comm'r of Soc. Sec.</u>, 496 F.3d 1253,

1269 (11th Cir. 2007) (citing <u>Doughty</u>, 245 F.3d at 1281), and as such, additional medical

opinion evidence is unnecessary.

## V.  Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's

Decision is supported by substantial evidence.  Accordingly, it is

**ORDERED**:

1.      The Clerk of Court is directed to enter judgment pursuant to sentence four of

42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2.      The Clerk of Court is further directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on September 16, 2013.

_James R. Klindt_
**JAMES R. KLINDT**
United States Magistrate Judge

jlk
Copies to:
Counsel of Record

-11-